**IN THE UNITED STATE DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION**

MELANIE JONES,

    Plaintiff,

-VS-　　　　　　　　　　　　　　　　Civil Action No.
　　　　　　　　　　　　　　　　　　JURY DEMAND

COOK'S PEST CONTROL, INC. and
CORPORATE REALTY MANAGEMENT, INC.,

    Defendants.

## *COMPLAINT*

COMES NOW plaintiff, Melanie Jones, hereby bring cause of action against Cook's Pest Control, Inc. and Corporate Realty Management, Inc. and respectfully shows unto this Honorable Court as follows:

### Jurisdiction and Venue

1.　Plaintiff, Melanie Jones is a resident citizen of Olive Branch, Desoto County, Mississippi.

2.　The defendant, Cook's Pest Control, Inc. (hereinafter "Cook's" and/or "Cook's Pest Control"), is a foreign corporation licensed to do business and is doing business in the State of Tennessee with its offices located at 1657 North Shelby Oaks Drive, Suite 108 in Memphis, Shelby County, Tennessee 38134.  This defendant may be served with process by delivering a copy of the complaint and summons to its

1

registered agent, CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919-5546.

3. The defendant, Corporate Realty Management, Inc. (hereinafter "Corporate Realty"), is a corporation licensed to do business and is doing business in the State of Tennessee. At the time of the incident that gives rise to this lawsuit, Corporate Realty is the property manager for Cadence Bank. Corporate Realty main office is located at 60 14th Street South, Suite 104 in Birmingham, AL 35233. Plaintiff adds this defendant through prior pleadings in Civil Action No.: 2:18-cv-02337-JMP where Defendant Cook's alleges comparative fault against Defendant Corporate Realty. This defendant may be served with process by delivering a copy of the complaint and summons through the Secretary of State's office pursuant to the Tennessee Long Arm Statute, TCA 20-2-203, upon its registered agent, Robert A. Simon, 101 25th Street North, Suite 105 Birmingham, AL 35203.

4. This cause of action arises in tort out of an incident on the premises of Cadence Bank, LLC, located at 7878 Farmington Blvd., Germantown, Tennessee 38138. Jurisdiction and venue are appropriate in this cause.

## **FACTS**

5. On or about May 3, 2017, plaintiff, Melanie Jones, was on the premises of Cadence Bank, LLC, located at 7878 Farmington Blvd., Germantown, Tennessee 38138. She was working within the normal scope of her employment and duties for her employer Cadence Bank, LLC (hereinafter "Cadence Bank" and/or "Cadence") when she suddenly became ill. Melanie Jones sustained serious permanent personal injuries as a result of exposure to toxic and hazardous pesticides and/or chemicals used by the Defendant's

Cook's Pest Control.

6. As a result of the incident, the Plaintiff has suffered serious and permanent personal injuries. The Defendant, Cook's Pest Control was hired by Cadence Bank to eradicate recluse spiders and other insects located in its branch. It is alleged that the negligence of the Defendant, Cook's Pest Control, to use of said pesticide and/or its failure to use properly protective equipment to protect plaintiff from hazardous exposure to pesticides was a direct and proximate cause of the incident, injuries and damages sustained by the Plaintiff.

7. On June 22, 2018, Defendant Cook's Pest Control filed an answer in Civil Docket No.: 2:18-cv-02337-JMP to plaintiff's then complaint alleging comparative fault against Corporate Realty. Cook's alleged in its answer that Corporate Realty, who was the property manager for Cadence Bank, failed to maintain the property in a reasonable and safe manner by failing to comply with the Customized Preparation sheet provided to Corporate Realty by Cook's regarding the post treatment cleaning of Cadence Bank and/or breached its duty owed to plaintiff, Melanie Jones.

## DUTIES AND ACTS OF NEGLIGENCE

8. The Plaintiff reiterates Paragraphs 1 through 7 as if fully set out herein verbatim.

9. It was the duty of the Defendants' to warn of any latent dangers its treatment would create or, such as the Plaintiff, Melanie Jones, would not be injured by the dangerous condition or negligent acts of defendants' or its employees' upon the property and premises.

10. At the time of the Plaintiff's incident, the Defendants' had either actual or constructive notice of the dangerous condition or negligent act of defendants' or its employees' on the premises and had the opportunity to correct or warn of that dangerous condition, it failed to do so.  As a result of the Defendants', either or actual constructive notice of the dangerous condition, or negligent acting of defendants' or its employees' and their failure to correct that dangerous condition, even though they had the opportunity to do so, the Defendants' is negligent and its negligence is a proximate cause of the Plaintiff's injuries and damages.

11. Plaintiff charges and alleges that her injuries and damages were sustained as a direct and proximate cause of the negligence of the Defendants' and the Defendants' was guilty of violating the Tennessee Insecticide, Fungicide, and Rodenticide Act and the Tennessee Application of Pesticides Act of 1978.

12. Plaintiff charges and alleges, at the time of the accident in question, the following Statutes of the State of Tennessee were in full force and effect and one, some or all were violated by the defendants' to-wit:

| | |
|---|---|
| T.C.A. §43-8-105(6)- | It is unlawful for any person to handle, transport, store, display, or distribute pesticides in such a manner as to endanger health and the environment… |
| T.C.A. §43-8-105(7)- | For any person to dispose of, discard or store any pesticides or pesticide containers in such a manner as to cause injury to humans… |
| T.C.A. §43-8-116)- | It is an offense for any person to knowingly use a pesticide in a manner inconsistent with its labeling so as to cause harm to persons, animals, or the environment… |
| T.C.A. §62-21-16- | No personal shall use a pesticide in a manner |

inconsistent with its labeling.

13. Plaintiff alleges that the violation of the above Statutes of the State of Tennessee constitutes negligence per se on behalf of the Defendants'.

## **INJURIES AND DAMAGES**

14. Plaintiff reiterates Paragraphs 1 through 13 herein as if fully set out verbatim.

15. As a direct and proximate result of the Defendants' alleged negligence, the Plaintiff sustained the following damages for which she brings this cause of action against all of the Defendants:

    (a) All past, present and future medical expenses;
    (b) Loss of earnings and earning capacity;
    (c) Loss of wages;
    (d) Pain and suffering, both past and future;
    (e) Temporary and permanent physical impairment and disability;
    (f) The loss of the pleasures and enjoyment of life; and
    (g) All other damages allowed under the state of Tennessee.

## **RELIEF SOUGHT**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Melanie Jones sues the Defendants', Cook's Pest Control, Inc. and Corporate Realty Management, Inc., for the total sum of $500,000.00.

    Respectfully submitted,
    TAYLOR & TOON, PLLC

    s/Christopher L. Taylor
    CHRISTOPHER L. TAYLOR BPR018246
    *Attorney for Plaintiff*
    Falls Building
    22 North Front Street, Suite
    Memphis, Tennessee 38103
    (901) 333-8200

5